**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**AARON TREVINO,**

        **Petitioner,**

**v.**                                 **CIVIL ACTION NO.: 3:18-CV-142**

**JOE COAKLEY, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On September 11, 2018, Petitioner acting *pro se* filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1] Petitioner is a federal inmate housed at Hazelton USP who is challenging his conviction and sentence. Petitioner also filed with his petition eight additional handwritten pages [ECF Nos. 1-1, 1-2].

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed.

---

[1] All ECF numbers refer to entries in the docket of Civil Action No. 3:18-CV-142, unless otherwise noted.

## II.    FACTS

### A.    Conviction and Sentence[2]

On February 21, 2013, a one count indictment was returned against Petitioner charging him and others with racketeering in state prison to bring in contraband consisting of drugs, cell phones and tobacco.  ECF No. 18.  On May 30, 2013, by way of a plea agreement, Petitioner entered his guilty plea to Count 1 of the indictment.  ECF No. 565.

On October 30, 2013, Petitioner was sentenced 198 months of imprisonment.  ECF No. 948.  The Court entered Judgment on November 5, 2013.  Id.  Petitioner did not appeal.

Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 on March 29, 2016.  ECF No. 1203.   The District Court, on April 26, 2016, entered a memorandum opinion and order dismissing the motion to vacate as barred by the statute of limitations, and denying a certificate of appealability.  ECF No. 1214.

On July 11, 2016, Petitioner filed a letter motion requesting "conditional acceptance for value", proof of claim, discovery and other relief.  ECF No. 1222.  The District Court denied Petitioner's motion as frivolous on December 13, 2016.  ECF No. 1250.

On September 25, 2016, the District Court entered an "Order of the United States Sentencing Guidelines Amendment § 782" which determined that Petitioner did not

---

[2]   The facts in section II are taken from Petitioner's criminal case, Case Number 2:13-CR-130-18 in the United States District Court for the Southern District of Texas, available on PACER.  Unless otherwise noted, the ECF entries in section II.A. refer to that criminal case.   Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

merit a sentence reduction under Amendment § 782.  ECF No. 1238.

On January 20, 2017, Petitioner filed a second motion [ECF No. 1215] to vacate the final judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. ECF No. 1251.    That motion remains pending.

B.    **Instant 2241 Petition**

Petitioner presents four claims for relief: (1) that his sentence was illegal [ECF No. 1 at 5]; (2) that he is illegally incarcerated [Id. at 6]; (3) that his indictment was illegal [Id.]; and (4) that he is actually innocent [Id.].    For relief, Petitioner requests his immediate release from custody.  ECF No. 1 at 9.

### III.    LEGAL STANDARD

A.    **Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B.    **Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."

Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.    Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such

---

[3]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

## IV.    ANALYSIS

The petition states that the grounds raised herein were previously raised in a § 2255 petition filed in the United States District Court in the Southern District of Texas, which denied the same. ECF No. 1 at 4, 7. Additionally, Petitioner states that he has a second post-conviction 60(b)(4) proceeding pending in the United States District Court in the Southern District of Texas. Id. That post-conviction proceeding remains pending. S.D.Tx. 2:13-CR-130-18 ECF No. 1251. In the instant petition filed pursuant to § 2241, Petitioner essentially seeks the same relief, via a different route. His request for relief is for this Court to immediately release him from custody. ECF No. 1 at 8. It has long been recognized in this Circuit that courts should not rule upon issues when another court already exercises jurisdiction of those same matters. Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325–26 (4th Cir. 1937) ("The court will refuse [to rule] where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances.")

Accordingly, it is clear on the face of the petition that this court lacks jurisdiction, because the matters addressed and relief sought are already under consideration in a motion to vacate pursuant to Rule 60(b)(4) filed by Petitioner in the Southern District of

5

Texas, which court has not yet ruled on that pending motion.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with the case.

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear *pro se* and all counsel of record, as applicable, as provided in the

Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** October 16, 2018

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE